IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY EUGENE STONEKING,<br><br>*Petitioner,*<br><br>v.<br><br>MICHAEL ZAKEN, THE DISTRICT ATTORNEY OF THE COUNTY OF WASHINGTON, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br><br>*Respondents.* | Civil Action No. 2:21-cv-748<br><br>Hon. William S. Stickman IV<br>Hon. Cynthia Reed Eddy |

## MEMORANDUM ORDER OF COURT

Petitioner Gary Eugene Stoneking ("Stoneking") filed a Petition for Habeas Corpus ("Petition") on May 24, 2021,[1] challenging his Pennsylvania state court convictions at CP-63-CR-000328-2007 and CP-63-CR-0000854-2009. (ECF No. 1 and 4). Respondent, District Attorney of Washington County, filed a Motion to Dismiss Petition for Writ of Habeas Corpus. (ECF No. 9). On December 20, 2021, Chief Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation in which she recommended that the Court grant the motion, dismiss the Petition for Writ of Habeas Corpus with prejudice as untimely, and deny a certificate of appealability. (ECF No. 18). In essence, she recommended that the Petition be dismissed because it was outside the AEDPA's[2] one-year limitations period, and no statutory or equitable

---

[1] This is the filing date pursuant to the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988).

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on applications for writs of habeas corpus. 28 U.S.C. § 2244(d)(1).

1

tolling applied. Stoneking filed timely Objections. (ECF No. 21). This matter is now ripe for adjudication by the Court.

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Chief Magistrate Judge Eddy's Report and Recommendation and Stoneking's Objections, as well the Court's review of the record in this matter, IT IS HEREBY ORDERED that Stoneking's Objections to the Report and Recommendation are OVERRULED. The Court concurs with Chief Magistrate Judge Eddy's legal analysis and her conclusions. The Court hereby APOPTS Chief Judge Eddy's Report and Recommendation as its Opinion.

To the extent Stoneking advances an "actual innocence" argument in his Objections as a means of circumventing the AEDPA's statute of limitations, it is meritless.[3] The Court hereby

---

[3] A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Wallace v. Mahanoy*, 2 F.4th 133, 150-151 (3d Cir. 2021). A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[ ] in light of the new evidence." *Wallace*, 2 F.4th at 151. The Supreme Court has required a petitioner "'to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Sweger v. Chesney*, 294 F.3d 506, 522–23 (3d Cir. 2002) (internal citations omitted). Such claims are hard to support and, therefore, rarely successful.

supplements Chief Magistrate Judge Eddy's Report and Recommendation with the following points:

First, a standalone claim of actual innocence is not cognizable under § 2244.[4] *Albrecht v. Horn*, 485 F.3d 103, 121-22 (3d Cir. 2007) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)). "The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."' *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) (quoting *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam)); *see also Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004) ("[i]t has long been recognized that '[c]laims of actual innocence based on only newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" (quoting *Herrera*, 506 U.S. at 400)). The Supreme Court explained that once a defendant is found guilty after a fair trial in state court, he is no longer entitled to a presumption of innocence, and thus comes before the federal habeas court not as one who is innocent, but as a convicted criminal. *Herrera*, 506 U.S. at 399-400. Because such a determination in a state criminal trial is "a decisive and portentous event" and "[s]ociety's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the guilt or innocence of one of its citizens," freestanding claims of actual innocence are not reviewable in federal habeas actions. *Id.* at 401 (internal quotations and citations omitted). The Supreme Court noted that "[f]ederal courts are not forums in which to relitigate state trials." *Id.* (quotations and citation omitted). Thus,

---

[4] That does not mean, however, that innocence is irrelevant. Proof of actual innocence may provide a gateway for federal habeas review of procedurally defaulted or untimely claims of constitutional error. *See McQuiggin*.

Stoneking's freestanding claim of actual innocence is not cognizable under the federal habeas corpus statute and cannot afford him a basis for relief.

Second, if Stoneking is arguing that his "actual innocence" claim relies upon the existence of an independent constitutional violation, i.e., ineffective assistance of counsel for failing to call and impeach a material witness (ECF No 21, p. 2), it lacks merit. While an "actual innocence" argument may justify "cause and prejudice" to excuse a procedurally defaulted claim,[5] Chief Magistrate Judge Eddy recommended that the Petition be dismissed because it was filed outside AEDPA's one-year limitations period, not because claims were procedurally defaulted. She found the Petition was not eligible for statutory or equitable tolling. Chief Magistrate Judge Eddy merely mentioned in footnote three of her Report and Recommendation that it appeared as if some of Stoneking's claims were never raised before state courts and might be procedurally defaulted. (ECF No. 18, p. 4, n.4). It was unnecessary in her review of the motion to dismiss to decide whether there was "cause and prejudice" to excuse any procedural default. She did not err in this regard.

---

[5] Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits by the state courts due to procedural default. If a claim is procedurally defaulted, "the [habeas] court must then determine whether cause and prejudice existed for [the petitioner's] procedural default or whether failure to consider [the petitioner's claims] would 'result in a fundamental miscarriage of justice.'" *Carter v. Vaughn*, 62 F.3d 591, 595 (3d Cir. 1995) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Whether there is "cause" to excuse a procedural default "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Once a petitioner establishes cause, he must prove that prejudice resulted. *Id.* Prejudice is shown where the errors at trial "worked to [Petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 172 (1982), *reh'g denied*, 456 U.S. 1001 (1982)). The second basis to excuse procedural default, "miscarriage of justice," requires a petitioner to show new evidence of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Third, and most importantly, Stoneking cannot meet the actual innocence standard. He pled guilty to multiple counts of sexually abusing a child,[6] the same witness whose testimony he now claims will "exonerate" him. (ECF No. 1, p. 27). He makes no claim that he was coerced into entering the plea agreement or that his attorney was ineffective in negotiating the plea agreement. (ECF No. 1; ECF No. 21). Rather, Stoneking argues that his counsel was ineffective in not investigating and calling witnesses (including the victim) on his behalf, which is a confounding argument since he pled guilty and there was no need for the defense to present any witnesses. (ECF No. 1, pp. 25-28; ECF No. 21, p. 2). He has offered no detail on the "new" evidence that these witnesses would offer and, thus, he has not persuaded the Court that the outcome of his case would have been different. Stoneking's evidence is limited to his own self-serving and conclusory declarations that these witnesses will "exonerate" him. Such declarations are belied by his admissions at his plea hearing, under oath, that he committed the crimes for which he was convicted. Stoneking cannot now claim actual innocence to invalidate his plea. *See, e.g., Vidmosko v. Glunt*, No. 1:15-cv-288, 2015 WL 2250238, at *4 (M.D. Pa. May 12, 2015) (holding that a petitioner who pleaded guilty to an offense and "admitted under oath that he was guilty of" the offense "cannot [ ] claim actual innocence to invalidate his guilty plea"); *see also Henriques v. Hollingsworth*, No. 14-cv-1242, 2015 WL 3745184, at *5 (D.N.J. June 15, 2015) (rejecting application of the actual innocence exception because the petitioner had "actually pled guilty to the offense charged"). Given that Stoneking pled guilty and has failed to provide any facts to establish his actual innocence or any new reliable evidence of his actual innocence, he is unable to establish a miscarriage of justice. Suffice it to say that if a

---

[6] After being sentenced to an aggregate term of 16 to 40 years' imprisonment on January 12, 2010, Stoneking did not seek relief until June of 2020 when he filed for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), seeking relief from his sex offender registration requirements. (ECF No. 18, p. 2).

freestanding claim of actual innocence could be brought in a non-capital federal habeas case such as this one involving a guilty plea, Stoneking has fallen woefully short of offering the type of evidence of innocence that would entitle him to relief.

For these reasons, and those set forth by Chief Magistrate Judge Eddy in her Report and Recommendation, the Court concurs that the Petition is time-barred.

AND NOW, this 23 day of March 2022, IT IS HEREBY ORDERED that the Motion to Dismiss Habeas Corpus Petition (ECF No. 9) is GRANTED.  The Petition for Writ of Habeas Corpus is hereby DISMISSED WITH PREJUDICE without an evidentiary hearing.[7]

A certificate of appealability is DENIED as jurists of reason would not find it debatable that Stoneking's claims should be dismissed as untimely.[8]  This denial of a certificate of appealability does not prevent Stoneking from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  *See* Fed. R. App. P. 22(b)(1), (2).

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

---

[7] A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief.  28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005).  Stoneking failed to meet this burden.

[8] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).

AND IT IS FINALLY ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Stoneking has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

_/s/ William S. Stickman IV_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
